UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EDWARD R. CLARK,                § | |
|     Plaintiff,                § | |
| vs.                § | C.A. NO. C-08-045 |
|                               § | |
| BRAD LIVINGSTON, ET AL.,                § | |
|     Defendants.                § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate currently living at a halfway house in Dallas, Texas. Proceeding *pro se* and *in forma pauperis*, plaintiff filed a civil rights complaint against Dr. Herrera and Brad Livingston complaining of violations of the Americans With Disabilities Act (ADA) (D.E. 1). A memorandum and recommendation was filed July 1, 2008, recommending that plaintiff's claim against Dr. Herrera be dismissed, and his ADA claim be retained (D.E. 16). Pending is plaintiff's motion for appointment of counsel (D.E. 29).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library or other forms of legal assistance. Bounds, 97 S. Ct. 1491, 1498-99 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).

Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, 28 U.S.C. § 1915(e)(1) unless the case presents "exceptional circumstances," thus requiring the appointment. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not complex. Plaintiff alleges the State of Texas violated the American With Disabilities Act when he was not allowed to participate in a prerelease CCA program because of his disability or perceived disability, diabetes.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present the case. Id. Plaintiff's pleadings demonstrate that he is reasonably intelligent. During conference calls, plaintiff was articulate and understood his claims. Plaintiff appears to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Id. This case is not currently scheduled for trial; thus it is premature to examine this factor.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court notes that it has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an

attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 29) is denied without prejudice at this time.

ORDERED this 16th day of October, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE